QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
Kevin P.B. Johnson (CA Bar No. 177129)
kevinjohnson@quinnemanuel.com
Ray R. Zado (Bar No. 208501)
rayzado@quinnemanuel.com
Brice C. Lynch (CA Bar No. 288567)
bricelynch@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Edward J. DeFranco (CA Bar No. 165596)
eddefranco@quinnemanuel.com
Joseph Milowic III (*pro hac vice* pending)
josephmilowic@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

Attorneys for Plaintiff Memjet
Technology Limited

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMJET TECHNOLOGY LIMITED, an Irish corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, a Delaware Corporation<br><br>Defendants. | CASE NO. **'15CV1769 BEN BLM**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Memjet Technology Limited ("Memjet" or "Plaintiff"), by and through its undersigned counsel, complains and alleges as follows against the Hewlett-Packard Company ("HP" or "Defendant"):

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

2.     HP has infringed and continues to infringe, contributed to and continues to contribute to the infringement of, and/or actively induced and continues to induce others to infringe Memjet's U.S. Patent No. 6,575,549, U.S. Patent No. 6,880,914, U.S. Patent No. 7,156,492, U.S. Patent No. 7,325,986, U.S. Patent No. 8,662,636, U.S. Patent No. 8,678,550, U.S. Patent No. 8,696,096, and U.S. Patent No. 9,056,475 (collectively, "the Asserted Patents").  Memjet is the legal owner by assignment of the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office.  Memjet seeks injunctive relief and monetary damages.

## THE PARTIES

3.     Memjet Technology Ltd. is a corporation organized under the laws of Ireland, with its principal place of business at 61/62 Fitzwilliam Lane, Dublin 2, Ireland.

4.     On information and belief, Hewlett-Packard Company is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 3000 Hanover Street, Palo Alto, CA 94304-1185.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.     HP is subject to this Court's personal jurisdiction.  HP regularly conducts business in the Southern District of California at its facility at 16399 W Bernardo Dr, San Diego, CA 92127.  HP has committed acts of patent infringement

and has contributed to and induced acts of patent infringement by others in this District.   HP designed, developed and/or tested its infringing pagewide printing products in this District.   HP has publicly demonstrated its infringing pagewide products in this District (e.g., HP demonstrated the HP PageWide XL Printer at the 2015 Esri User Conference, held July 20–24, 2015 in San Diego).  As such, HP has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State and District; and it has committed patent infringement in this State and District.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 & 1400 because HP regularly conducts business in this District, and certain acts complained of herein occurred in this District.

**MEMJET'S ASSERTED PATENTS**

8.     On June 10, 2003, the United States Patent Office issued U.S. Patent No. 6,575,549 (the "'549 patent"), titled "Ink Jet Fault Tolerance Using Adjacent Nozzles."  A true and correct copy of the '549 patent is attached hereto as Exhibit A.

9.     On April 19, 2005, the United States Patent Office issued U.S. Patent No. 6,880,914 (the "'914 patent"), titled "Inkjet Pagewidth Printer For High Volume Pagewidth Printing."  A true and correct copy of the '914 patent is attached hereto as Exhibit B.

10.     On January 2, 2007, the United States Patent Office issued U.S. Patent No. 7,156,492 (the "'492 patent"), titled "Modular Printhead Assembly With A Carrier Of A Metal Alloy."  A true and correct copy of the '492 patent is attached hereto as Exhibit C.

11.     On February 5, 2008, the United States Patent Office issued U.S. Patent No. 7,325,986 (the "'986 patent"), titled "Printhead Assembly with Stacked Ink Distribution Sheets."  A true and correct copy of the '986 patent is attached hereto

as Exhibit D.

12.    On March 4, 2014, the United States Patent Office issued U.S. Patent No. 8,662,636 (the "'636 patent"), titled "Inkjet Printhead Having Rows Of Printhead Segments."  A true and correct copy of the '636 patent is attached hereto as Exhibit E.

13.    On March 25, 2014, the United States Patent Office issued U.S. Patent No. 8,678,550 (the "'550 patent"), titled "Printhead Assembly With Laminated Ink Distribution Stack."  A true and correct copy of the '550 patent is attached hereto as Exhibit F.

14.    On April 15, 2014, the United States Patent Office issued U.S. Patent No. 8,696,096 (the "'096 patent"), titled "Laminated Ink Supply Structure Mounted In Ink Distribution Arrangement Of An Inkjet Printer."  A true and correct copy of the '096 patent is attached hereto as Exhibit G.

15.    On June 16, 2015, the United States Patent Office issued U.S. Patent No. 9,056,475 (the "'475 patent"), titled "Inkjet Printer With Web Feed Maintenance Assembly."  A true and correct copy of the '475 patent is attached hereto as Exhibit H.

16.    Memjet is the owner of all right, title, and interest in and to each of the Asserted Patents with full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past damages and/or royalties.

17.    The Asserted Patents are valid and enforceable.

## COUNT I

### Infringement of the '549 Patent

18.    Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

19.    On information and belief, in violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '549 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling,

offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, HP PageWide XL Printers, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks. HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

20. HP has actual knowledge of its infringement of the '549 patent at least as of the filing date of this Complaint.

21. On information and belief, in violation of 35 U.S.C. § 271, HP has actively induced and/or is continuing to actively induce infringement of the '549 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks that practice one or more claims of the '549 patent. On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe, and HP intends its products be used by third party entities to infringe the '549 patent.

22. For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products, its OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks, through its web site and through various channels including U.S. distributors and/or other third parties.

23. On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '549 patent by

offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '549 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24.    For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products, OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks are designed, manufactured, and sold, so as to practice one or more claims of the '549 patent when used.  On information and belief, the OfficeJet Pro X Series products, OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks therefore have no substantial non-infringing uses.

25.    HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '549 patent.

26.    By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

27.    Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

28.    HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court.  The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue.  The public interest would be served by issuance of an injunction.  Thus, Memjet is

entitled to a preliminary and a permanent injunction against further infringement of the '549 patent.

29.    On information and belief, HP's infringement of the '549 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '549 patent.  HP either knows or should have known about its risk of infringing the '549 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

30.    On information and belief, HP's continuing infringement of the '549 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

### Infringement of the '914 Patent

31.    Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

32.    In violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '914 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the HP PageWide XL Printers.  For example, HP demonstrated the HP PageWide XL Printer at the 2015 Esri User Conference, held July 20–24 in San Diego.  HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

33.    HP has actual knowledge of its infringement of the '914 patent at least as of the filing date of this Complaint.

34.    HP is not licensed or otherwise authorized to practice the claims of the

'914 patent.

35.    By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

36.    Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

37.    HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court.  The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue.  The public interest would be served by issuance of an injunction.  Thus, Memjet is entitled to a preliminary and a permanent injunction against further infringement of the '914 patent.

38.    On information and belief, HP's infringement of the '914 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '914 patent.  HPs either knows or should have known about its risk of infringing the '914 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

39.    On information and belief, HP's continuing infringement of the '914 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### Infringement of the '492 Patent

40.    Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

-8-

41.    In violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '492 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, and HP PageWide XL Printers.  HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

42.    HP has actual knowledge of its infringement of the '492 patent at least as of the filing date of this Complaint.

43.    On information and belief, in violation of 35 U.S.C. § 271, HP has actively induced and/or is continuing to actively induce infringement of the '492 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products.   On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe, and HP intends its products be used by third party entities to infringe the '492 patent.

44.    For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products and its OfficeJet Enterprise X Series products, through its web site and through various channels including U.S. distributors and/or other third parties.

45.    On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '492 patent by offering to sell or selling within the United States or importing into the United

States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '492 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

46. For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products and OfficeJet Enterprise X Series products are designed, manufactured, and sold, so as to practice one or more claims of the '492 patent when used. On information and belief, the OfficeJet Pro X Series products and OfficeJet Enterprise X Series products therefore have no substantial non-infringing uses.

47. HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '492 patent.

48. By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

49. Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

50. HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court. The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, Memjet is entitled to a preliminary and a permanent injunction against further infringement of the '492 patent.

51. On information and belief, HP's infringement of the '492 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a

trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '492 patent.  HPs either knows or should have known about its risk of infringing the '492 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

52.    On information and belief, HP's continuing infringement of the '492 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

### Infringement of the '986 Patent

53.    Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

54.    In violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '986 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, and HP PageWide XL Printers.  HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

55.    HP has actual knowledge of its infringement of the '986 patent at least as of the filing date of this Complaint.

56.    On information and belief, in violation of 35 U.S.C. § 271, HP has actively induced and/or is continuing to actively induce infringement of the '986 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products,

and on information and belief, OfficeJet Enterprise X Series products that practice one or more claims of the '986 patent.  On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe and HP intends its products be used by third party entities to infringe the '986 patent.

57.   For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products and its OfficeJet Enterprise X Series products, through its web site and through various channels including U.S. distributors and/or other third parties.

58.   On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '986 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '986 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

59.   For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products and OfficeJet Enterprise X Series products are designed, manufactured, and sold, so as to practice one or more claims of the '986 patent when used.  On information and belief, the OfficeJet Pro X Series products and OfficeJet Enterprise X Series products therefore have no substantial non-infringing uses.

60.   HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '986 patent.

61.   By reason of HP's infringing activities, Memjet has suffered, and will

1   continue to suffer, substantial damages.

2        62.    Memjet is entitled to recover from HP the damages sustained as a result

3   of HP's wrongful acts in an amount subject to proof at trial.

4        63.    HP's continuing acts of infringement are irreparably harming and

5   causing damage to Memjet, for which Memjet has no adequate remedy at law, and

6   Memjet will continue to suffer such irreparable injury unless HP's continuing acts

7   of infringement are enjoined by the Court.  The hardships that an injunction would

8   impose are less than those faced by Memjet should an injunction not issue.  The

9   public interest would be served by issuance of an injunction.  Thus, Memjet is

10  entitled to a preliminary and a permanent injunction against further infringement of

11  the '986 patent.

12       64.    On information and belief, HP's infringement of the '986 patent, at

13  least as of the filing of this complaint, constitutes willful infringement justifying a

14  trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's

15  accused actions continue despite an objectively high likelihood that they constitute

16  infringement of the '986 patent.  HPs either knows or should have known about its

17  risk of infringing the '986 patent.  HP's conduct despite this knowledge is made

18  with both objective and subjective reckless disregard for the infringing nature of its

19  activities.

20       65.    On information and belief, HP's continuing infringement of the '986

21  patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in

22  prosecuting this action under 35 U.S.C. § 285.

23                              **COUNT V**

24                    **Infringement of the '636 Patent**

25       66.    Memjet re-alleges and incorporates by reference the allegations of the

26  preceding paragraphs of this Complaint as if fully set forth herein.

27       67.    In violation of 35 U.S.C. § 271, HP has infringed and is currently

28  infringing one or more claims of the '636 patent, including but not limited to claim

16, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, HP PageWide XL Printers, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses, Photo Kiosks, and Wide Scan printers. HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

68.     HP has actual knowledge of its infringement of the '636 patent at least as of the filing date of this Complaint.

69.     On information and belief, in violation of 35 U.S.C. § 271, HP has actively induced and/or is continuing to actively induce infringement of the '636 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks that practice one or more claims of the '636 patent.  On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe, and HP intends its products be used by third party entities to infringe the '636 patent.

70.     For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products, its OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks, through its web site and through various channels including U.S. distributors and/or other third parties.

-14-

71.   On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '636 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '636 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

72.   For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products, OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks are designed, manufactured, and sold, so as to practice one or more claims of the '636 patent when used.  On information and belief, the OfficeJet Pro X Series products, OfficeJet Enterprise X Series products, and printers using 4.25-inch thermal inkjet printheads, including HP Web Presses and Photo Kiosks therefore have no substantial non-infringing uses.

73.   HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '636 patent.

74.   By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

75.   Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

76.   HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court.  The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue.  The

public interest would be served by issuance of an injunction.  Thus, Memjet is entitled to a preliminary and a permanent injunction against further infringement of the '636 patent.

77.    On information and belief, HP's infringement of the '636 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '636 patent.  HPs either knows or should have known about its risk of infringing the '636 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

78.    On information and belief, HP's continuing infringement of the '636 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI

## Infringement of the '550 Patent

79.    Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

80.    In violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '550 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, and HP PageWide XL Printers.  HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

81.    HP has actual knowledge of its infringement of the '550 patent at least as of the filing date of this Complaint.

82.    On information and belief, in violation of 35 U.S.C. § 271, HP has

actively induced and/or is continuing to actively induce infringement of the '550 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, that practice one or more claims of the '550 patent.  On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe, and HP intends its products be used by third party entities to infringe the '550 patent.

83.    For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products, and its OfficeJet Enterprise X Series products, through its web site and through various channels including U.S. distributors and/or other third parties.

84.    On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '550 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '550 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

85.    For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products and OfficeJet Enterprise X Series products are designed, manufactured, and sold, so as to practice one or more claims of the '550 patent when used.  On information and belief, the OfficeJet Pro X Series products

and OfficeJet Enterprise X Series products therefore have no substantial non-infringing uses.

86.    HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '550 patent.

87.    By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

88.    Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

89.    HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court.  The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue.  The public interest would be served by issuance of an injunction.  Thus, Memjet is entitled to a preliminary and a permanent injunction against further infringement of the '550 patent.

90.    On information and belief, HP's infringement of the '550 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '550 patent.  HPs either knows or should have known about its risk of infringing the '550 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

91.    On information and belief, HP's continuing infringement of the '550 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VII**

**Infringement of the '096 Patent**

92.     Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

93.     In violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '096 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, and HP PageWide XL Printers.  HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

94.     HP has actual knowledge of its infringement of the '096 patent at least as of the filing date of this Complaint.

95.     On information and belief, in violation of 35 U.S.C. § 271, HP has actively induced and/or is continuing to actively induce infringement of the '096 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products, that practice one or more claims of the '096 patent.  On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe, and HP intends its products be used by third party entities to infringe the '096 patent.

96.     For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products and its OfficeJet Enterprise

X Series products, through its web site and through various channels including U.S. distributors and/or other third parties.

97.   On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '096 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '096 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

98.   For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products and OfficeJet Enterprise X Series products are designed, manufactured, and sold, so as to practice one or more claims of the '096 patent when used.  On information and belief, the OfficeJet Pro X Series products, and OfficeJet Enterprise X Series products therefore have no substantial non-infringing uses.

99.   HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '096 patent.

100.   By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

101.   Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

102.   HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court.  The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue.  The

public interest would be served by issuance of an injunction.  Thus, Memjet is entitled to a preliminary and a permanent injunction against further infringement of the '096 patent.

103.   On information and belief, HP's infringement of the '096 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a trebling of damages under 35 U.S.C. § 284.   Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '096 patent.  HPs either knows or should have known about its risk of infringing the '096 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

104.   On information and belief, HP's continuing infringement of the '096 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VIII
## Infringement of the '475 Patent

105.   Memjet re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

106.   On information and belief, in violation of 35 U.S.C. § 271, HP has infringed and is currently infringing one or more claims of the '475 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States, without authority certain products, including the OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products.  HP has infringed and is currently infringing literally and/or under the doctrine of equivalents.

107.   HP has actual knowledge of its infringement of the '475 patent at least as of the filing date of this Complaint.

108.   On information and belief, in violation of 35 U.S.C. § 271, HP has

actively induced and/or is continuing to actively induce infringement of the '475 patent by encouraging acts of direct infringement, and HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that it is inducing direct infringement by making, using, selling, offering for sale, and/or importing into the United States, without authority OfficeJet Pro X Series products, and on information and belief, OfficeJet Enterprise X Series products that practice one or more claims of the '475 patent. On information and belief, HP knows (or believes there is a high probability, but is taking deliberate steps to avoid knowing) that third parties, such as customers, directly infringe, and HP intends its products be used by third party entities to infringe the '475 patent.

109. For example, on information and belief, HP offers, sells and markets (and after the filing of this complaint continues to offer, sell and market) its products, including the OfficeJet Pro X Series products and its OfficeJet Enterprise X Series products through its web site and through various channels including U.S. distributors and/or other third parties.

110. On information and belief, HP's actions as alleged herein have contributed and are continuing to contribute to infringement of the '475 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '475 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

111. For example, as set forth above, on information and belief, HP's OfficeJet Pro X Series products and OfficeJet Enterprise X Series products are designed, manufactured, and sold, so as to practice one or more claims of the '475 patent when used. On information and belief, the OfficeJet Pro X Series products

and OfficeJet Enterprise X Series products therefore have no substantial non-infringing uses.

112.  HP is not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '475 patent.

113.  By reason of HP's infringing activities, Memjet has suffered, and will continue to suffer, substantial damages.

114.  Memjet is entitled to recover from HP the damages sustained as a result of HP's wrongful acts in an amount subject to proof at trial.

115.  HP's continuing acts of infringement are irreparably harming and causing damage to Memjet, for which Memjet has no adequate remedy at law, and Memjet will continue to suffer such irreparable injury unless HP's continuing acts of infringement are enjoined by the Court.  The hardships that an injunction would impose are less than those faced by Memjet should an injunction not issue.  The public interest would be served by issuance of an injunction.  Thus, Memjet is entitled to a preliminary and a permanent injunction against further infringement of the '475 patent.

116.  On information and belief, HP's infringement of the '475 patent, at least as of the filing of this complaint, constitutes willful infringement justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, HP's accused actions continue despite an objectively high likelihood that they constitute infringement of the '475 patent.  HP either knows or should have known about its risk of infringing the '475 patent.  HP's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

117.  On information and belief, HP's continuing infringement of the '475 patent is exceptional and entitles Memjet to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Memjet respectfully prays for the following relief:

(a)     A judgment that HP has infringed each and every one of the Asserted Patents;

(b)     A preliminary and permanent injunction against HP, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with it, enjoining it from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products, methods, equipment and/or services that infringe the Asserted Patents;

(c)     Damages adequate to compensate Memjet for HP's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

(d)     Pre-judgment interest;

(e)     Post-judgment interest;

(f)     A judgment holding HP's infringement of the Asserted Patents to be willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

(g)     A declaration that this Action is exceptional pursuant to 35 U.S.C. § 285, and an award to Memjet of its attorneys' fees, costs and expenses incurred in connection with this Action; and

(h)     Such other relief as the Court deems just and equitable.

DATED: August 11, 2015            Respectfully submitted,

                                  QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By  */s/ Kevin P.B. Johnson*
                                      Kevin P.B. Johnson
                                      Attorney for Plaintiff Memjet Technology
                                      Limited
                                      Email: kevinjohnson@quinnemanuel.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: August 11, 2015            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Kevin P.B. Johnson*
   Kevin P.B. Johnson
   Attorney for Plaintiff Memjet Technology Limited
   Email: kevinjohnson@quinnemanuel.com

COMPLAINT FOR PATENT INFRINGEMENT